# United States District Court

## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

**David Lafonzo Broomfield, Jr.**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:05-CR-146

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has been unemployed since last year. Defendant is 33 years old. He denied to the Pretrial Services office the use of marijuana, but that he used it in high school. However, a presentence report indicates that defendant had problems with marijuana and cocaine and used the former on a weekly basis, and crack cocaine minimally, in the 1990's. Defendant has a lengthy criminal record. He has 10 incarcerations for non-payment of child support. Starting with his adult history, he was convicted of assault with a dangerous weapon and placed on probation. He violated his probation and was sentenced to 2 to 4 years in the MDOC. It appears that 4 bench warrants have been issued due to (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon the unrebutted presumption in this case. Defendant's lengthy and somewhat violent criminal record only reinforces the presumption in this matter, and his one early discharge from probation for good behavior does not sufficiently tilt the scales of defendant's record taken as a whole enough that it could be said that the presumption has been rebutted. Alternatively, the court finds (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 17, 2005

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. David Lafonzo Broomfield, Jr.
1:05-CR-146
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

### Alternate Findings (B) - (continued)

> defendant's failure to appear during the course of his criminal record. Defendant has also been convicted of attempted assault with a dangerous weapon and CCW among others. According to the Calhoun County parole office, defendant was alleged to have been involved with the shooting of a current parolee, who has since been relocated to another state due to associates of the defendant threatening to kill him regarding his testimony in a now dismissed case. Before defendant was 25 years old he had received his fourth felony conviction as well as 18 misdemeanors, resulting in 10 jail sentences.
>
> The defendant's attorney points out that he has not been convicted since 1997, but the prosecutor counters that 5 of those years he has been prison. Defense counsel points out that defendant has ties to the community, having resided in one home his whole life. The prosecutor counters that while that may be so, defendant's lengthy criminal record was achieved while he was living in that house. Defendant does have one early discharge from parole for good behavior.

### Part II - Written Statement of Reasons for Detention - (continued)

> even if the presumption could said to have been rebutted, the defendant's criminal record, including the violent offenses and the failures to appear, would sustain the government's burdens of showing that there are no conditions or combination of conditions that would assure the defendant's presence or the safety of the community if he is released to the street.